## George W. Robinson and another v. Edwin W Worden.

*Partnership: Dissolution: Evidence: Notice.* In an action to charge two defendants as partners with the payment of plaintiff's services in running a shingle mill previously owned by both as a firm, but then belonging to one only, reports of a scaler employed by plaintiff, wherein the mill is described by the name of the one defendant alone, and which were made for the purpose of enabling the plaintiff to settle with the boom company for boom charges, are held admissible in evidence as tending somewhat to show notice to plaintiff that the mill business was being carried on on such defendant's individual account, and not, as formerly, by the firm.

*Heard January 11 and 12. Decided January 21.*

Error to Manistee Circuit.

*Bullis & Cutcheon* and *Norris & Uhl*, for plaintiffs in error.

*Fowler & Harley*, for defendant in error.

GRAVES, J:

From about the last of April or first of May, 1873, dur-

ing the season, defendant in error ran a shingle mill, and
he sued plaintiffs in error for his services and got judg-
ment, and they asked to have it reversed for rulings at the
trial. He claimed that he worked the mill under an express
contract made the last of April with the plaintiffs in error,
who were partners, or appeared to be such, and that he thus
contracted through Briggs alone, who told him they were
in partnership, and upon which statement he relied. Rob-
inson and Briggs denied that they were partners at the
time in question, and insisted that the former partnership
connection between them was dissolved on the 21st of De-
cember, 1872, and that Worden had notice the partnership
was not subsisting. Briggs also denied that he told Wor-
den the partnership with Robinson was existing, and denied
that he assumed to contract otherwise than in his individual
character. Much evidence was adduced to prove and dis-
prove the existence of the partnership in April, and prior
and subsequent thereto, and in regard to publicity and notice
of dissolution, and to affect Worden with notice that there
was no partnership and that Briggs was going on alone.
As tending to show such notice, plaintiffs in error offered
in evidence a series of reports, beginning very early in May,
1873, and extending into October, made under oath by one
Hayes to the boom company, and purporting to show the
scalage of the logs at the shingle mill, and in which reports
the mill was described as the "A. W. Briggs" mill, and
not as one being run by a firm. Prior to December, 1872,
it had been run by A. W. Briggs & Co., and which firm
was then composed of plaintiffs in error. This offer of
proof was accompanied by a further offer to prove that
Hayes in making these reports acted as Worden's agent.
The court sustained an objection to the offer. Evidence
was subsequently given tending to show that Hayes was
employed by Worden to make these reports, and was in his
service in making them, but that the object of making them
was to enable *Briggs* (not plaintiffs in error) to settle with
the boom company for boom charges. In the same con-

nection there was evidence tending to show that the scaling and making returns was part of the running expenses of the mill, and that the business of the scaler was to dog the logs, haul them in, scale them, and make returns to the boom company. After this and some further testimony, plaintiffs in error again offered the scaler's reports, and they were again excluded on objection.

This rejected evidence was not strong, and was open to an interpretation by the jury which would leave it without any force whatever. At the same time, it was susceptible in its nature, and under the actual circumstances, of a construction and application to help somewhat the side of the case occupied by plaintiffs in error, and we cannot assume the jury would have given it one construction or application rather than another. It was susceptible of a tendency or bearing in some degree to show that Worden had notice, or was aware that the mill business was carried on on Brigg's individual account, and not by or on account of the former firm; and according to one construction of it, it had some tendency to corroborate the testimony of Briggs and Robinson, and detract from the credit of that given by Worden. It may be that the mill bore the name "A. W. Briggs," and that the reports had been made out in the same way when Robinson was confessedly a partner, and before Worden began to run the mill; but all this would be for the jury to settle, and not for the court on an offer of proof. No satisfactory reason is perceived to justify the refusal to receive and submit the evidence to the jury for their construction and use, and in view of the peculiarities of the case it is quite impossible to say as matter of law that its rejection was not prejudicial. As the record is constituted, it is not prudent to discuss the other points, and it is more than probable the facts will not appear again as now. For the error mentioned, the judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.